IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>WILFREDO CUBERO-SOTO,<br>Defendant. | CRIM. NO. 14-200 (CCC) |

**PLEA AGREEMENT**
**IN ACCORDANCE WITH RULE 11(c)(1)(A) & (C)**

**TO THE HONORABLE COURT:**

The United States of America, by and through the undersigned attorneys, the defendant, **WILFREDO CUBERO-SOTO,** and the defendant's attorneys, José A. Andreu-Fuentes, Esq. and José R. Olmo-Rodríguez, Esq., very respectfully state to this Honorable Court that they have reached an agreement (the Agreement"), the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY:**

The defendant, **WILFREDO CUBERO-SOTO,** agrees to plead guilty to a lesser-included crime of that charged in **COUNT TWO** of the Indictment, that is Sex Trafficking a Minor **over** the age of ~~18~~ 14 years, in violation of Title 18, *United States Code,* Sections 1591(a) and (b)(2). More specifically, **COUNT TWO** of the Indictment charges:

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

### COUNT TWO
### Sex Trafficking of a Minor
### (Title 18, *United States Code*, Sections 1591(a) & (b)(1))

On or about February 11, 2014, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, **WILFREDO CUBERO-SOTO,** the defendant herein, in and affecting interstate commerce, did knowingly recruit, entice, harbor, transport, provide, obtain and maintain, by any means, a 13 year-old female, identified as Jane Doe #1, knowing that Jane Doe #1 had not attained the age of 18, and that she would be caused to engage in a commercial sex act; to wit, on or about the date mentioned above, WILFREDO CUBERO-SOTO did make arrangements using his cell phone to pick up Jane Doe #1 from an area near her middle school in his 2002 black Mercedes Benz automobile to take her to the Acuario Motel, located in Cabo Rojo, Puerto Rico, for the purpose of engaging in a commercial sex act, as defined by Title 18, *United States Code*, Section 1591(e)(3). All in violation of Title 18, *United States Code*, Sections 1591(a) & (b)(1).

2. **MAXIMUM PENALTIES**

The mandatory minimum sentence for the offense charged in **COUNT TWO** of the Indictment (Sex Trafficking of a Minor) is **fifteen (15) years** incarceration, while the statutory maximum sentence is **life** imprisonment, a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00), see, Title 18, *United States Code*, Sections 1591(a) and 3571(b)(3), and a term of supervised release of not **LESS** than five (5) years, **or life,** in addition to any term of incarceration. *See*, Title 18, United States Code, §§3559(a)(1) (Class "A" Felony) and 3583(k).

For purposes of this Agreement, however, the defendant is agreeing to plead guilty to the lesser included offense of Sex Trafficking of a Minor over the age of ~~15~~ 14 years, in violation of Title 18, *United States Code*, Sections 1591(a) and (b)(2). The mandatory minimum sentence for

2

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

the lesser-included offense under Title 18, *United States Code*, Sections 1591(a) and (b)(2) (Sex Trafficking of a Minor over the age of 14) is **ten (10) years** incarceration, while the statutory maximum sentence is **life** imprisonment, a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00), see, Title 18, *United States Code*, Sections 1591(a) and 3571(b)(3), and a term of supervised release of not **LESS** than five (5) years, **or life,** in addition to any term of incarceration. *See*, Title 18, United States Code, §§3559(a)(1) (Class "A" Felony) and 3583(k).

3.  **FINES AND/OR RESTITUTION**

The Court may, pursuant to Section 5E1.2(I) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered and also the Court may impose restitution. The defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendation as to the imposition of fines.

### 4. SPECIAL MONETARY ASSESSMENT

At the time of sentencing, the defendant will pay a special monetary assessment of one hundred dollars ($100.00); that is one hundred dollars ($100.00) for each count in the Indictment for which he is pleading guilty, as required by Title 18, United States Code, Section 3013(a).

### 5. DOMESTIC TRAFFICKING VICTIMS' FUND SPECIAL ASSESSMENT

Pursuant to the "Justice for Victims Trafficking Act of 2015," Title 18, *United States Code*, §3014, the Court shall access an amount of Five Thousand Dollars ($5,000.00) on any non-indigent person or entity convicted of an offense under: a) **chapter 77** (relating to peonage, slavery, and trafficking in persons); b) chapter 109A (relating to sexual abuse); c) chapter 110 (relating to sexual exploitation and other abuse of children); d) chapter 117 (relating to transportation for illegal sexual activity and related crimes; or, e) section 274 of the "Immigration and Nationality Act" (8 U.S.C. § 1324) (relating to human smuggling) unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

### 6. FINES AND/OR RESTITUTION

The Court may, pursuant to Section 5E1.2(I) of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered and also the Court may impose restitution. The defendant agrees to execute a financial statement to

the United States (OBD Form 500). The United States will make no recommendation as to the imposition of fines.

### 7. RULE 11(c)(1)(C) WARNINGS

The parties agree that the sentence recommendation expressed below is the appropriate disposition of this case. The defendant understands that the Court may either accept or reject this sentence recommendation, as more specifically described below: (a) should the Court accept the sentence recommendation, the Court would sentence the defendant to the agreed-upon sentence or within the agreed upon sentencing range; (b) should the Court reject the sentence recommendation, however, the Court would allow the defendant an opportunity to withdraw his or her guilty plea. In such event, should the defendant not withdraw his or her guilty plea, the Court could dispose of the case less favorably toward the defendant than the plea agreement contemplated. Also, should the Court reject the sentence recommendation, the United States would similarly have the right to withdraw from the plea agreement entirely. See, *United States v. Moure-Ortiz*, 184 F.3d 1 (1st Cir. 1999).

### 8. ADVISORY NATURE OF THE SENTENCING GUIDELINES

The defendant is aware that pursuant to the United States Supreme Court decisions in <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

9. **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree that the following Sentencing Guideline calculations apply to the defendant's conduct with regard to the lesser-included crime of Sex Trafficking of a Minor over the age of 14 that is charged in **COUNT TWO** of the Indictment:

| Sex Trafficking of a Minor Over the Age of 14 Years Title 18, United States Code, § 1591(a) and (b)(2) United States Sentencing Guideline § 2G1.3 | | |
|---|---|---|
| *Base Offense Level* | 30 | §2G1.3(a)(1) |
| Minor was in the custody, care or supervisory control of the defendant | +0 | §2G1.3(b)(1)(B) |
| Offense involved undue influence | +2 | §2G1.3(b)(2)(B) |
| Offense involved the use of a computer | +2 | §2G1.3(b)(3)(B) |
| Offense involved a sexual act or sexual contact | +2 | §2G1.3(b)(4)(A) |
| Offense involved a pattern of conduct | +0 | §4B1.5(b) |
| Acceptance of Responsibility | -3 | 3E.1.1(b) |
| **TOTAL** | 33 | |
| No Stipulation as to Criminal History | | |

10. **SPECIFIC SENTENCE RECOMMENDATION**

In exchange for pleading guilty to a lesser included offense of that charged in **COUNT TWO** of the Indictment, and waiving his right to appeal both the sentence and the judgment in this case, the parties agree to jointly recommend a sentence equal to the lower end of the above mentioned guidelines based on a total offense level of 33, or 135 months (11.25 years), assuming the defendant falls within Criminal History Category I. If the defendant falls within Criminal History Category II or higher, the parties agree to argue for a sentence of incarceration equal to the

6

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

lower end of the applicable guidelines based on a total offense level of 33 as well as the defendant's criminal history. The parties will also recommend that the federal sentence be served concurrent to any sentence imposed by the Puerto Rico Court of First Instance in ISC 2016-0101, et al. Then, at sentencing, the United States will request the dismissal of all remaining counts in the Indictment and the withdrawal of the Forfeiture Allegation.

**11.  BREACH OF AGREEMENT**

The United States and the defendant agree that any request by any party for (a) a sentence other than the agree upon specific sentence, or (b) a sentence outside of the agreed upon sentencing range, will constitute a material breach of this Agreement, in which case the non-breaching party would be liberated from all obligations under this Agreement.

**12.  NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

**13.  DISMISSAL OF REMAINING COUNTS**

If this Agreement is accepted by the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the defendant is sentenced to a term of incarceration of 135 months (11.25 years), then the United States will request the dismissal of all remaining counts and the withdrawal of the forfeiture allegation.

7

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

### 14. SATISFACTION WITH COUNSEL

The defendant represents to the Court that he is satisfied with his legal counsel, José A. Andreu-Fuentes, Esq. and José R. Olmo-Rodríguez, Esq.,, and further indicates that Messers. Andreu-Fuentes and Olmo-Rodríguez have rendered effective legal assistance.

### 15. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Agreement, he surrenders certain rights as provided herein. Defendant understands that the right of criminal defendants include the following:

   a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

   d. At trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine

8

them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, the defendant could testify in his own behalf.

### 16. STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 17. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal district, state or local authorities. Furthermore, the defendant is fully aware that the Court is not bound by this Plea Agreement, nor is it bound by the advisory sentencing guidelines calculations, any stipulations, or any sentence recommendations.

### 18. ENTIRETY OF PLEA AGREEMENT

This written Agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or

9

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein.

**19.     AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

**20.     WAIVER OF APPEAL**

The defendant hereby acknowledges that should the Court sentence him or her to the agreed-upon specific sentence, or agreed-upon sentencing range, the defendant agrees to waive and permanently surrender his or her right to appeal the judgment and sentence in this case.

**21.     VOLUNTARINESS OF GUILTY PLEA**

The defendant hereby acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is truly guilty.

**22.     IMPACT UPON CONVICTION**

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, United States Code, Section

*[continued on next page]*

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

2250 and Title 42, United States Code, Section 16913. As a registered Sex Offender, defendant further understands that his status as a convicted sex offender, and related information, will be made public. Defendant further acknowledges that he may or may not be required to register for life.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

_____
José Capó-Iriarte
Assistant United States Attorney
Chief, Criminal Division
Dated: 5/4/17

_____
Marshal D. Morgan
Assistant United States Attorney
Deputy Chief, Crimes Against Children and Human Trafficking Unit
Dated: 5/4/17

_____
Wilfredo Cubero-Soto
Defendant
Dated: 24 V 17

_____
José A. Andreu-Fuentes
Counsel for Defendant
Dated: _____

_____
José R. Olmo-Rodríguez
Counsel for Defendant
Dated: 24 V 17

11

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

    I hereby certify that I have consulted with my attorney and I fully understand all my rights with respect to the Indictment pending against me. I also fully understand my rights with respect to the provisions of the Sentencing Guidelines, as well as the Policy Statements, Application, and Background Notes which may apply in my case. I have also read and carefully reviewed each and every part of this Plea Agreement with my attorney and I freely and voluntarily agree to it.

Date: 24/V/17

**WILFREDO CUBERO-SOTO,**
Defendant

    I hereby certify that I am the attorney for the defendant and I have carefully reviewed every part of this Plea Agreement with my client. I also certify that I have fully explained to my client his rights with respect to the pending Indictment, including the provisions of the Sentencing Guidelines, and the Policy Statements, Application, and Background Notes that may apply in this case. I have also fully explained to him those provisions of the guidelines which may apply in this case. I have also explained to my client the advisory nature of the <u>Sentencing Guidelines</u>. To my knowledge, the defendant is entering into this Agreement voluntarily, intelligently and with full knowledge of all the consequences of his plea of guilty.

_____
**José A. Andreu-Fuentes**
Counsel for Defendant
Dated: _____

**José R. Olmo-Rodríguez**
Counsel for Defendant
Dated: 24/V/17

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

## GOVERNMENT'S VERSION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility.

The United States has provided full discovery to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure. In addition, all of the witnesses needed by the United States to prove the elements of the offenses charged in the Indictment remain ready and available to testify. If this case had gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the offenses charged in the Indictment, including the following specific facts:

On February 27, 2014, Homeland Security Investigations (HSI), San Juan, Child Exploitation Investigations Group (CEIG) received information from the Puerto Rico Police Department (PRPD), Sexual Crimes Division in Mayaguez regarding a 63 year-old adult male, identified as Wilfredo CUBERO-Soto, also known as ("a.k.a.") "Joe." According to the information received, CUBERO-Soto transported a minor female (hereinafter referred to as JANE DOE), to a motel in Cabo Rojo, for the purpose of engaging in a commercial sex act.

On March 10, 2014, HSI CEIG Agents interviewed JANE DOE regarding allegations of sexual abuse against Wilfredo CUBERO-Soto. According to the information provided by JANE DOE, on or about February 11, 2014, CUBERO-Soto picked her up from school during her lunch break in his dark-colored Mercedes Benz and transported to the Acuario Motel in Cabo Rojo, PR. Upon arriving at the motel, JANE DOE entered the motel room with CUBERO-Soto where they engaged in a variety of sexual acts including sexual intercourse. JANE DOE indicated that when they were finished, CUBERO-Soto paid her $40.00 USD for having engaged in the sexual acts.

The use of a car to transport the minor to the motel, and the use of a cellular telephone to make the arrangements to be picked up and taken to the motel, are both considered instrumentalities of interstate commerce and do have an effect on interstate and foreign commerce.

*[continued on next page]*

13

Plea Agreement
*United States v. Wilfredo Cubero-Soto*
Crim. No. 14-200 (CCC)

      Had this case gone to trial, the United States would have proven the aforementioned facts through the presentation of witness testimony, photos of the motel, photos of the defendant's car arriving at the motel, as well as other physical and documentary evidence.

_____
**Marshal D. Morgan**
Assistant United States Attorney
Dated: 5/16/17

_____
**Wilfredo Cubero-Soto**
Defendant
Dated: 24V17

_____
**José A. Andreu-Fuentes**
Counsel for Defendant
Dated: _____

_____
**José R. Olmo-Rodríguez**
Counsel for Defendant
Dated: 24V17

14